[No. 30.    Third Appellate District.—July 6, 1905.]

## JOHN T. HARRINGTON, Appellant, v. GEORGE C. PARDEE, Governor of State, Respondent.

OFFICERS—NOMINATION—CONSENT OF SENATE—COMMISSION ESSENTIAL TO APPOINTMENT—MANDAMUS.—Where the governor had nominated an officer, and the senate had advised and consented to his appointment, the appointment nevertheless does not take effect until a commission has been issued, and where no commission was issued by the governor making the nomination, *mandamus* will not lie to compel a succeeding governor to issue the commission.

ID.—EXECUTIVE ACT—DISCRETIONARY POWER.—In issuing a commission to an officer, the governor is performing an executive and not a ministerial act, and is acting under his discretionary powers, and may or may not issue the commission, though the senate has advised and consented to the appointment.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order sustaining a demurrer to the complaint.    J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

White & Miller, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

BUCKLES, J.—On March 16, 1901, Henry T. Gage, who was then the governor of the state of California, nominated the plaintiff to the office of trustee of the California Home for the Care and Training of Feeble-Minded Children, and transmitted such nomination to the senate, which was then in session, and the senate duly advised in and consented to the nomination and appointment of said plaintiff. Governor Gage failed to issue to plaintiff a commission as trustee of

said home.     George C. Pardee, being the successor of Henry
T. Gage as governor of California, was applied to to issue to
plaintiff said commission, and the governor not complying
with plaintiff's request, plaintiff filed his petition in the
superior court of Sacramento County praying for a writ of
mandate commanding the governor to issue to him said com-
mission.     The defendant demurred to the petition on the
ground that it did not state facts sufficient to entitle plaintiff
to the relief sought.     The demurrer was sustained.     From the
order sustaining the demurrer and the judgment rendered
thereon this appeal is prosecuted.

The plaintiff in his brief assures us that "The question
presented to the court below and argued by counsel for the
respective parties was this: Has the governor a right to refuse
to issue a commission after he has transmitted a nomination
to the senate and the appointment has been confirmed by the
latter? Or, may he thereupon ignore his own action and the
action of the senate, and make a new nomination or appoint-
ment?" The trustees of said home are "appointed by the
governor with the advice and consent of the senate." (Act
March 9, 1887, Stats. 1887, p. 69.)

As to the trustees of this home, the governor cannot appoint
when the senate is in session without the "advice and con-
sent" of that body.     In all such appointments the first step
to be taken is the suggestion by the governor to the senate of
the name of a person for the office and to ask the advice of the
senate, and for its consent for him to appoint such person;
the second step is the advice and consent of the senate which
is manifested by a resolution certified to the governor and
to the secretary of state, and the third and last step is the
issuing of the commission signed by the governor, and this
is the evidence of such appointment.

Plaintiff contends that "nominate" and "appoint" are
synonymous terms and mean the same thing, and that there-
fore when the governor has nominated he has appointed.
Doubtless there are some instances where these terms may be
used to mean one and the same thing, but by no process of
reasoning can it be true that in *nominating* to the senate the
governor is *appointing* the person to the office, because he
cannot appoint without the advice and consent of the senate.
The *appointment* is not made until the *commission* is issued,

and issuing the same is the last act, and in issuing the commission of the governor is performing an executive and not a ministerial act, and is, therefore, acting under his discretionary powers, and may or may not issue the commission, although the senate may have advised it and consented that he should make the appointment. Plaintiff has presented no authority which, in our opinion, tends even in the slightest degree to show that the governor has exhausted his discretionary power when he nominates a man for office and sends the name to the senate.

Over one hundred years ago it was held by the supreme court of the United States in *Marbury* v. *Madison,* 5 U. S. (1 Cranch) 137, that "The last act to be done by the president is the signature to the commission; he has then acted on the advice and consent of the senate to his own nomination. The time for deliberation has then passed and he has decided. His judgment on the advice and consent of the senate in concurring with his nomination had been made and the officer is appointed." Defendant has presented numerous authorities sustaining and approving this rule, and the plaintiff has brought to our notice no case holding a different rule, and we have been unable to find any. This doctrine has been cited approvingly in every case in this state which involves a like question. We think a principle established so long ago, so closely adhered to, and so unanimously sanctioned by all the courts, must be too well ingrafted into our system of government to be disturbed now.

The order and judgment are affirmed.

Chipman, P. J., and McLaughlin, J., concurred.