[No. 18256.     Department One.     October 31, 1923.]

CHARLES JACKSON, *Appellant*, v. THURSTON COUNTY, AND M. J. NEYLON *et al.*, *as Commissioners, Respondents.*[1]

COUNTIES (22-1)—SHERIFFS (5)—DECISION—POWER TO APPOINT DEPUTY SHERIFF—NECESSITY. Where the county commissioners have plainly recognized the necessity of two deputy sheriffs and, according to their custom, designated one of them, who shortly after resigned, the sheriff, having the sole power to appoint deputies, may appoint a successor to the resigned officer.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered July 16, 1923, upon findings in favor of the defendants, dismissing on the merits an action on a claim for services performed, tried to the court. Reversed.

*Troy & Yantis,* for appellant.

*Roscoe R. Fullerton* and *Nat. U. Brown,* for respondents.

TOLMAN, J.—Appellant, who is the sheriff of Thurston county, brought this action as plaintiff to recover on a claim for services rendered by one Kirby, as deputy sheriff, duly assigned to him. From a judgment denying recovery, he prosecutes this appeal.

It appears that appellant took office as sheriff on January 8, 1923, and appointed one Hardwick as deputy. On the same day, he went before the county commissioners and made application for a second deputy, to act especially as bookkeeper and to perform other duties of the office. The board on that day made the following entry in its minutes:

"Mr. Charles Jackson, sheriff of Thurston county, appeared before the board, stating that the budget

[1]Reported in 219 Pac. 840.

for the year 1923 provided for only one deputy for his office; that in his opinion it would be impossible for him to conduct the office efficiently with only one deputy; that the office required considerable bookkeeping; that neither he nor his deputy had experience or qualifications in keeping the books required in the sheriff's office, and requesting of the board that if within their power to do so, that he be allowed an additional deputy, with the necessary qualifications for taking care of the bookkeeping required and for the other duties pertaining to deputy sheriff. On motion made and carried, this motion was laid over until January 9th at two o'clock P. M."

On January 9, the board further considered the matter and entered on its minutes:

"The board proceeded with the further consideration of the county sheriff's request for a second deputy for his office, and the sheriff being present, the matter was discussed at length, and after due consideration, the sheriff agreeing, on motion duly made and seconded and carried, it is ordered that the county commissioners appoint a traffic patrolman for Thurston county at a salary of $125 per month, to be paid out of the general current expense fund, and that said traffic patrolman be instructed by the county commissioners to assist the sheriff in such manner as he can, consistent with his duties as traffic patrolman."

These are the only official records made by the board affecting this matter. Pursuant to these entries, the county commissioners selected one West, who was duly appointed as deputy by the sheriff, and entered upon his duties. After serving a short time West resigned, and the sheriff, on February 4, 1923, appointed Kirby to fill the vacancy, and he thereafter performed the official duties which had theretofore been performed by West, until April 3, 1923.

Shortly after Kirby entered upon his duties, the commissioners notified the sheriff that they would al-

low him no compensation, and later the board rejected his claim for salary. The only reason suggested by the record for this action is that the commissioners claimed the right to appoint this second deputy, or traffic officer, and for that reason alone refused to recognize the appointment made by the sheriff.

It has been the custom in Thurston county for a number of years for the county commissioners to officially allow, and the sheriff to appoint one deputy, and in addition, the commissioners have selected a .person, and the sheriff has appointed that person as a deputy, and he has acted as deputy sheriff, giving special attention to the duties of traffic officer. The selection and appointment of West seems to have been in entire accordance with this custom; and after West resigned, individual commissioners suggested to the sheriff at least two men whose appointment by him would be satisfactory to them, and it was at all times apparent that they recognized the necessity of having a second deputy, and would have allowed compensation to one selected by them.

The evidence shows that two deputies were reasonably necessary to the efficient conduct of the sheriff's office; and it not being contended that the commissioners had power to appoint a peace officer to enforce the traffic laws, or that the person so appointed would have had any official standing unless deputized by the sheriff, and the enforcement of these laws falling within the province of the sheriff, it seems clear to us that the second deputy was in fact needed and that that need was plainly recognized by the board of county commissioners.

These facts are amply sufficient to bring the case within the statute (Rem. Comp. Stat., § 4205) [P. C. § 1571], as construed in *Thomas v. Whatcom County,* 82 Wash. 113, 143 Pac. 881, and the sheriff being re-

sponsible on his official bond for the acts of his deputies, had the right of appointment. A judgment should have been entered as prayed for in the appellant's complaint.

The judgment appealed from is reversed, with directions to enter a judgment for the salary earned, as above indicated.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.