# SHERIFF OF SALT LAKE COUNTY et al. v. BOARD OF COM'RS OF SALT LAKE COUNTY.

Nos. 4727, 4728.   Decided June 4, 1928.   (268 P. 783.)

*Fabian & Clendenin* and *Badger, Rich & Rich*, all of Salt Lake City, for plaintiffs.

*Walter B. Kelly*, Co. Atty., of Salt Lake City, for defendant.

STRAUP, J.

The question presented by this proceeding involves the power of the county commissioners of Salt Lake county to suspend or remove from office deputy sheriffs of the county against their will and that of the sheriff.

The commissioners suspended six deputy sheriffs without notice or a hearing and without preferring any charges against them or stating any reason or ground therefor,

except that the commissioners "deemed it advisable and for the best interest and welfare" of the county. The sheriff and the deputies applied to this court for a writ of prohibition to restrain and prevent the commissioners from enforcing or carrying into effect the order, alleging that the commissioners had no power or authority to so suspend the deputies or to further proceed in the premises. An alternative writ was issued by us directed to the commission to desist or show cause. The commissioners demurred and answered admitting that the deputies were suspended by them without notice or a hearing and without preferring any charges against them; that the commissioners did so because they "deemed it advisable and for the best interest and welfare" of the county; and in substance alleged that the deputies in legal effect were appointed by the commissioners for an indefinite and unstated period and that hence they had the right, with or without cause and without notice or a hearing, or without preferring any charges, to suspend or remove the deputies whenever the board was disposed so to do, without the advice of or consultation with the sheriff and even against his will. The commissioners further alleged that they as a matter of fact suspended the deputies because the deputies by indictment of the grand jury of the United States District Court in and for the state of Utah were charged with violations of the act of Congress known as the National or Federal Prohibition Act, and that hence the commissioners deemed it advisable and for the best interest of the county that such deputies be not permitted longer to perform any duties or functions of their office until a trial on or other disposition of the indictments; and while no such, or any, ground was charged or preferred by or before the board of county commissioners, and no such or any ground made a matter of record by the board, yet, such, without notice or a hearing or inquiry further than the fact that such indictments were found and returned, was the real cause which induced the suspension of the deputies by the commissioners.

When the term or tenure of a public officer is not fixed by law, the general rule is that the power of removal or suspension, unless controlled by statute, is an incident to the power of appointment. In such case the office is held during the pleasure of the authority making the appointment, and in the absence of a statute on the subject no notice or charges or hearings are required for the suspension or removal by the authority appointing the officer. 22 R. C. L. 562-576. The appointment of the deputies here was not for any fixed or stated term or period. What divides the parties is this: The commissioners contend that the appointing power was with them and that they, in legal effect, appointed the deputies, and hence that they had the authority to summarily suspend or remove them at pleasure with or without cause; that the sheriff and the deputies dispute and urge that the power of appointment and summarily to suspend or remove the deputies rested with the sheriff, so long as the office itself was not abolished or that the purpose or necessity for which the deputies were appointed no longer existed, a matter not here claimed or involved. That is to say, the deputies were not suspended or removed for any reason that the purpose or necessity for which they were appointed no longer existed, or had ceased.

The statute, section 1461, Comp. Laws Utah 1917, provides that "every county * * * officer * * * may, by and with the consent of the board of county commissioners, appoint as many deputies and assistants as may be necessary for the prompt and faithful discharge of the duties of his office," and "that any officer appointing any deputy shall be liable for all official acts of such deputy." The commissioners contend that when this section is construed in connection with other provisions of the statute relating to the powers, duties, and offices of the board of county commissioners, the section means that the county officer, here the sheriff of the county, may only nominate and present to the board the name or names of a deputy or deputies deemed

necessary for the prompt and faithful discharge of the duties of his office, and that it is then the province and within the power of the board to determine the question of necessity of making the appointments as well as the fitness and suitability of the person or persons whose names are presented, and accordingly to consent or withhold consent which, as it is claimed, in legal effect, is tantamount to the making or not making of the appointment. The additional provisions of the statute referred to are: Section 1361, Comp. Laws Utah 1917, providing that the powers of the county can be exercised only by the board of county commissioners or by agents and officers acting under authority of the board or authority of law; Sections 1400 and 1400x3, that the board of county commissioners in each county has jurisdiction and power, among other things, to supervise the official conduct of all county officers; section 1400x19, authorizing the board of county commissioners to make and enforce, within the limits of the county, outside the limits of incorporated cities and towns, all such legal, police, sanitary, and other regulations as are not in conflict with general laws; and section 1400x22, which authorizes the board to do and perform all other acts and things required by law which may be necessary to the full discharge of the duties of the board.

The sheriff's office is an elective office of the county, as is also the office of a county commissioner, and is a coordinate office or branch of our county government. His powers and duties are prescribed by statute and are similar to those generally prescribed by other western states. In performing them, he, generally speaking, acts independently of the board of county commissioners except as otherwise restricted and specified by statute. Except by and with the consent of the board of county commissioners he may not make a binding or completed appointment of a deputy or deputies, and until such consent is had and such deputy has taken the oath of office, he, in law, is not a deputy and may not act or perform official functions or offices as

such. While the matter may not be entirely free from doubt, yet we are of the opinion that the proper construction and interpretation of section 1461 is that it is the county officer, here the sheriff, who appoints his deputy or deputies, but that such appointment does not become effective or binding until consented to by the board of county commissioners and the person so appointed has taken the oath of office; and therefore, whatever summary power of suspension or removal of a deputy may be exercised is to be exercised by the sheriff and not by the board of county commissioners, except as may directly or indirectly result from a determination by the board that the services of the deputy or deputies theretofore appointed are no longer necessary, and even then we think it would be within the province of the sheriff to indicate which of his deputies were to be retained and which dismissed or let out, unless the commission had determined that the service of no deputy longer was necessary. In principle, directly or indirectly supporting these views, as we think, are the following cases: *Hanchett* v. *Burbidge,* 59 Utah 121, 202 P. 377; *Skeen* v. *Browning,* 32 Utah 164, 89 P. 642; *Sedgwick County Commissioners* v. *Toland,* 121 Kan. 109, 245 P. 1019; *Jackson* v. *Thurston County,* 127 Wash. 41, 219 P. 840; *Harrington* v. *Pardee,* 1 Cal. App. 278, 82 P. 83; *People* v. *Prendergast,* 219 N. Y. 252, 114 N. E. 433; *People* v. *Raymond,* 129 App. Div. 477, 114 N. Y. S. 365; *Myers* v. *United States,* 272 U. S. 52, 47 S. Ct. 21, 71 L. Ed. 160. Such view is also in harmony with the provision of the section that "any officer appointing any deputy shall be liable for all official acts of such deputy," which is in recognition of the principle "that those in charge of and responsible for administering functions of government, who select their executive subordinates, need in meeting their responsibility to have the power to remove those whom they appoint" (*Myers* v. *United States,* supra). Certain it is that the board of commissioners is not nor are any of its members in any sense civilly or otherwise liable for the official acts of a deputy sheriff but the sheriff is so civilly

liable. The commissioners do not deny that, but urge that while the sheriff may summarily remove or suspend a deputy either with or without the consent of the board, yet so may also the board suspend a deputy with or without the consent of the sheriff; to support which, and also to support the contention that the suspension was within the power of the board, the commissioners chiefly rely on the cases of *State* v. *Megaarden*, 85 Minn. 41, 88 N. W. 412, 89 Am. St. Rep. 534, and *State* v. *Peterson*, 50 Minn. 239, 52 N. W. 655. It, however, is perceived that these cases deal with a statute and with a question different from that here involved, and for such reason as we think do not support the claim of the commissioners.

The petitioners further urge that the methods provided by statute (sections 3360 and 8625, Comp. Laws Utah 1917) relating to removal of officers are exclusive and that no attempt was made to comply therewith or to pursue such a course. We find it unnecessary to decide whether the methods so provided by such sections for a removal or suspension of an officer are or are not exclusive. It is enough to now decide, as we do, that the board of county commissioners have no power to summarily suspend or remove the deputies as here was done.

On the face of the record the remedy sought by prohibition may be open to question because the commissioners, when the writ was applied for and the alternative writ granted, had already suspended the deputies and because the writ of prohibition is a preventive and not a corrective remedy. On the other hand, there is the further question of whether the action of suspension was only partial and not fully completed and whether in connection therewith there was any further action to be arrested and injury to be prevented in carrying out the order. *Oldroyd* v. *McCrea*, 65 Utah 142, 235 P. 580, 40 A. L. R. 230; High, Extraordinary Remedies. However, no question of remedy is raised or presented by the commissioners. Evidently both

parties desire the views of this court as to the power and jurisdiction of the commissioners in the premises, regardless of any question of remedy. We are of the opinion that the action of the commissioners suspending the deputies as here was done was without authority; and as no question of remedy is urged, let the writ heretofore issued be made permanent. Such is the order. No costs.

THURMAN, C. J., and CHERRY and HANSEN, JJ., concur.

GIDEON, J.

I dissent. Time permitting, I shall later file with the clerk the reasons upon which I base my dissent.