

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. W. Lee O'Daniel
Governor of Texas
Austin, Texas

Dear Sir:

Opinion No. O-1092
Re: Appointment of member of Judiciary as subject to confirmation by Senate, and eligibility of a member of the Legislature to such position during the term of office for which he is elected

We have for acknowledgment your letter of July 3, 1939, wherein you request the opinion of this Department upon the following questions:

1. Whether, construing Article 4, Section 12 of our Constitution, and Article 5, Section 28, an appointment by the Chief Executive to fill a vacancy in the Judiciary Department of the State Government is subject to confirmation by the Senate.

2. Whether, by virtue of the provisions of Section 18, Article 3, of our Constitution, a member of the Legislature is eligible for appointment to a judicial position during the term of office for which he is elected, when the Legislature of which he is a member has not created the position nor increased nor changed the emoluments of the office.

Article 4, Section 12, of the Constitution, reads as follows:

> "All vacancies in State or district offices except members of the Legislature, shall be filled unless otherwise provided by law, by appointment of the Governor, which appointment, if made during its session, shall be with the advice and consent of two-thirds of the Senate present. If made during the recess of the Senate, the said appointee, or some other person to fill such vacancy, shall

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

be nominated to the Senate during the first ten days of its session. If rejected, said office shall immediately become vacant, and the Governor shall, without delay, make further nominations, until a confirmation takes place. But should there be no confirmation during the session of the Senate, the Governor shall not thereafter appoint any person to fill such vacancy who has been rejected by the Senate; but may appoint some other person to fill the vacancy until the next session of the Senate or until the regular election to said office, should it sooner occur. Appointments to vacancies in offices elective by the people shall only continue until the first general election thereafter."

Article 5, Section 28, of the Constitution, reads as follows:

"Vacancies in the office of Judges of the Supreme Court, the Court of Criminal Appeals, the Court of Civil Appeals and District Courts shall be filled by the Governor until the next succeeding general election; and vacancies in the office of County Judge and justices of the peace shall be filled by the Commissioners Court until the next general election for such offices."

There is no inconsistency in these two constitutional provisions. Section 28 of Article 5 merely provides that the Governor shall make the appointments mentioned therein; whereas, Section 12 of Article 4, in effect, provides that all appointments made by the Governor to State or District offices shall be subject to confirmation by the Senate. It follows that in event of a recess appointment made by the Governor to fill a vacancy in a judicial position, the said appointee, or some other person to fill such vacancy, must be nominated to the Senate during the first ten days of its session.

Section 18, Article 3, of the Constitution of the State of Texas, provides as follows:

"No Senator or Representative shall, during the term for which he may be elected, be eligible to any civil office of profit under this State, which shall have been created, or the emoluments



of which may have been increased during such term; no member of either House shall, during the term for which he is elected, be eligible to any office or place, the appointment to which may be made, in whole or in part, by either branch of the Legislature; and no member of either House shall vote for any other member for any office whatever, which may be filled by a vote of the Legislature, except in such cases as are in this Constitution provided. Nor shall any member of the Legislature be interested, either directly or indirectly, in any contract with the State, or any county thereof, authorized by any law passed during the term for which he shall have been elected. "

The first clause of the first sentence of the above quoted constitutional provision renders any member of the Legislature during the term for which he was elected ineligible to any civil office of profit under this State which is created, or the emoluments of which are increased, during such term, regardless of the fact that the Legislature may have nothing whatsoever to do with the appointment to or the filling of such office. The second clause of the first sentence renders every member of the Legislature during the term for which he is elected ineligible to hold any office or place, where either the whole or a part of the appointment to such office may be made by either branch of the Legislature. The third clause of the first sentence displays an intent on the part of the framers of the Constitution to anticipate all conceivable situations in respect to the matter with which they were dealing in such section, by providing that no member of either House of the Legislature should vote for any other member for any office whatever that may be filled by a vote of the Legislature, except in such cases as are by the Constitution expressly provided. An instance of such exception may be found in Section 9 of Article 3, wherein provision is made for the election of a President pro tem of the Senate and a Speaker of the House, and for the election of other officers of each House.

A reciprocal provision may be found in section 19 of Article 3 of the Constitution, which provides:

"No judge of any court, Secretary of State, Attorney General, clerk of any court of record, or any person holding a lucrative office under



the United States, or this State, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature. "

It is evident that confirmation by the Senate is treated by the Constitution as part and parcel of the completed appointment. If the appointment be made by the Governor during the session, it is inoperative and does not confer any right to the office unless consented to or confirmed by two-thirds vote of the Senate. If made during recess, the appointment of the Governor confers no absolute right to the office, but only a right defeasible by adverse action of the Senate. And since confirmation or rejection of an appointee by the Senate is not a legislative act, such confirmation or rejection may be had during a special session, the Constitution contemplating that the appointee shall be nominated to the Senate during the first ten days of its session, whether the same be a special session or a regular session.

It is thus apparent that "part" of the appointment to an office in the Judiciary department of this State may be made by the Senate, through its action in confirming such appointee to the office. Therefore, under the second clause of Section 18 of Article 3 of the Constitution, a member of the Legislature, during the term for which he is elected, is ineligible for appointment to a vacancy existing in the Judiciary department of the State government.

The reasoning of the courts in the opinions cited below support the conclusions reached above:

Brown vs. State, 43 Tex. 478; Harrington vs. Pardee, 82 Pac. 83; Marbury vs. Madison, 2 L. Ed. 60.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
(Signed)   R. W. Fairchild

R. W. Fairchild
Assistant

RWF:pbp

APPROVED JULY 6, 1939
(Signed) W. F. Moore
FIRST ASSISTANT ATTORNEY
GENERAL