## SMITH v. STATE.

(In Banc. June 10, 1946. Suggestion of Error Ovveruled Sept. 23, 1946.)

[26 So. (2d) 543. No. 36148.]

**C. E. Conner** and **T. B. Davis**, both of Columbia, for appellant.

**Greek L. Rice**, Attorney General, by **Geo. H. Ethridge**, Assistant Attorney General, for appellee.

Argued orally by C. E. Conner, for appellant, and by Geo. H. Ethridge, for appellee.

Sydney Smith, C. J., delivered the opinion of the court.

This is an appeal from a conviction of murder in which the evidence supports the verdict and no error appears in any of the rulings of the court below of which the appellant complains. One of these complaints which deserves special attention is that the court below should have sustained the appellant's motion to quash the indictment on which he was tried.

On the 10th day of December, 1945, when the term of the court below was due to begin, the regular judge of the district was ill, which fact had been certified to the Governor, who thereupon on that day appointed Honorable Claude V. Hathorn as a special judge to serve as such during the illness of the regular judge of the district in accordance with Section 1653, Code 1942, by a commission issued ''in the name and by the authority of the State of Mississippi . . . sealed with the great seal of State and . . . signed by the governor, and attested by the secretary of state'' as required by Section 127 of the State Constitution. The making of this appointment was telegraphed by the Governor's Secretary to the appointee, who thereupon on the same day, the 10th day of December, 1945, appeared before the Clerk of the court below, who administered to him the Judge's oath of office, and he, the appointee, thereupon convened the court, empanelled and charged a grand jury, which thereafter

returned in open court the indictment on which the appellant was tried. The commission of the special judge was mailed to him from the Governor's office on the day it was issued but was not received by him until two or three days later and after this indictment had been returned. A motion by the appellant to quash the indictment on the ground that the appointment of Judge Hathorn had not become effective when he opened the court and empanelled the grand jury, was overruled; his contention there and here being that the appointment did not become effective until Judge Hathorn had received his commission and accepted the appointment. There is no merit in this, for the law is, and has been since the decision in Marbury v. Madison, 1 Cranch 137, 2 L. Ed. 60, that an appointment to office "is complete when the last act required of the person or body vested with the appointing power has been performed." Witherspoon v. State, 138 Miss. 310, at page 322, 103 So. 134, at page 137; 42 Am. Jur., Public Officers, Sec. 100. Here the last act of the appointing power was performed when Judge Hathorn's commission was signed by the Governor and attested by the Secretary of State. Of course, he had to accept the appointment and qualify for the duties of the office before entering upon the discharge thereof by taking the oath prescribed by Section 155 of our State Constitution. This Judge Hathorn did.

Affirmed.