Hon. Richard D. Lamm Governor of Colorado State Capitol Denver, Colorado 80203
Dear Governor Lamm:
It is anticipated that a vacancy will occur in the Office of State Treasurer and you have asked two questions concerning the possible appointment of a legislator to that office.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents the following questions:
1. The first question is whether a legislator may be appointed treasurer prior to the expiration of his legislative term.
 My conclusion is that a legislator may not be appointed as State Treasurer while he holds his legislative office. A legislator may be nominated for treasurer and need only resign prior to the final act of formal appointment.
2. Your second question is whether a legislator must resign his or her position prior to Senate confirmation.
 Since the prohibition is against "appointing" a legislator, while he is serving as such, to the position of treasurer, the answer turns on an analysis of the nominating and appointive process.
ANALYSIS
The first question is whether a legislator may be appointed treasurer prior to the expiration of his legislative term. This issue is easily resolved by the specific language of section 8 of article 5 of the Colorado Constitution:
 No senator or representative shall, while serving as such, be appointed to any civil office under this State; . . .
The restriction is only against the appointment of a legislator to a civil office while serving as a legislator.
Your second question is whether a legislator must resign his or her position prior to Senate confirmation. The Governor's power to appoint a State Treasurer upon a vacancy occurring in that office is found in section 6(2) of article IV of the Colorado Constitution.
 If the office of State Treasurer, Secretary of State, or Attorney General shall be vacated by death, resignation, or otherwise, the governor shall nominate and, by and with the consent of the senate, appoint a successor.
Since the prohibition is against "appointing" a legislator, while he is serving as such, to the position of treasurer, the answer turns on an analysis of the nominating and appointive process. If the appointment is complete upon the nomination and consent of the senate, it could well be argued that the legislator must resign prior to confirmation. If, however, the process involves a third stage, a formal appointment by the governor after nomination and consent, then the legislator need not resign until after the consent.
There is substantial case law interpreting the process outlined in provisions similar to our article IV, section 6(2). The applicable rule of law is that an appointment to an office is made and is complete when the last act required of the person vested with the appointing authority has been performed,Marbury v. Madison, 1 Cranch 137, 2 L.Ed. 60 (1805);United States v. LeBaron, 19 Howard 73,15 L.Ed. 525 (1856); United States v. Stewart, 19 Howard 79, 15 L.Ed. 528 (1856); Smith v. State,26 So.2d 543 (Miss. 1946); State v. Hagmeister,73 N.W.2d 625 (Neb. 1955); Harrington v. Pardee,82 P. 83 (Cal.App. 1905).
In State v. Hagmeister, supra, the Nebraska Supreme Court interpreted a provision of the Nebraska Constitution which reads as follows:
 The governor shall nominate and by and with the advice and consent of the senate . . . appoint all officers whose offices are established by the constitution . . . .
Supra, at 631.
The court interpreted the above provision as follows:
 This constitutional provision contemplates a nomination, confirmation by the legislature, and pursuant thereto, appointment by the governor. In such instances, the appointment which would include the commission, is the third and final act in the appointive procedure.
At p. 631.
In Harrington v. Pardee, the California Appellate Court distinguished the "nomination" and "appointment" stages.
 In all such appointments the first step to be taken is the suggestion by the governor to the Senate of the name of a person for the office, and to ask the advice of the Senate, and for its consent for him to appoint such person; the second step is the advice and consent of the Senate, which is manifested by a resolution certified to the governor and to the Secretary of State; and the third and last step is the issuing of the commission signed by the governor, and this is the evidence of such appointment.
 Plaintiff contends that "nominate" and "appoint" are synonymous terms and mean the same thing, and that therefore, when the governor has nominated, he has appointed. Doubtless there are some instances where these terms may be used to mean one and the same thing, but by no process of reasoning can it be true that in "nominating" to the Senate the governor is "appointing" the person to the office, because he cannot appoint without the advice and consent of the Senate. The "appointment" is not made until the "commission" is issued, and issuing the same is the last act, . . . .
At pp. 83-84.
The constitutional prohibition is against the appointment of a legislator to a civil office. Section 6(2) of article IV, by a literal reading and as interpreted by the above cases, involves a three step process: (a) nomination, (b) consent, (c) appointment. Since the appointment of a legislator is not effective until the final step is completed, the legislator need only resign prior to the final act of formal appointment.
SUMMARY
A legislator may not be appointed as State Treasurer while he holds his legislative office. A legislator may be nominated for treasurer and need only resign prior to the final act of formal appointment.
Very truly yours,
 J.D. MacFARLANE Attorney General
PUBLIC OFFICERS LEGISLATORS QUALIFICATIONS
Colo. Const. art. V, § 8
Colo. Const. art. IV, § 6(2)
EXECUTIVE BRANCH Governor, Office of TREASURY, DEPT. OF
A legislator may not be appointed as State Treasurer while he holds his legislative office. A legislator may be nominated for treasurer and need only resign prior to the final act of formal appointment.