**Clarence E. HUTCHISON, Plaintiff and Appellant,**

v.

**G. Lynn CARTWRIGHT, Beaver County Sheriff, and Board of Commissioners of Beaver County, State of Utah, Defendants and Respondents.**

No. 18954.

Supreme Court of Utah.

Nov. 14, 1984.

Willard R. Bishop, Cedar City, for plaintiff and appellant.

John O. Christiansen, County Atty., Beaver, for defendants and respondents.

ZIMMERMAN, Justice:

Appellant seeks reversal of a summary judgment rejecting his claim that he was wrongfully suspended and subsequently dismissed from his position as Beaver County jailer, that the proper Beaver County policies and procedures were not followed in his discharge, that the state's open meetings law was not complied with, and that he was entitled to reinstatement and damages. We affirm the trial court.

In 1976, Clarence E. Hutchison, appellant, was hired as a deputy sheriff and jailer by the then Beaver County sheriff, Dale E. Nelson. Nelson later died and was replaced by respondent G. Lynn Cartwright. In May of 1981, Cartwright terminated appellant's employment as a deputy sheriff, although appellant continued as county jailer.

On February 11, 1982, appellant's deposition was taken in a civil action in which appellant was a named defendant. Appellant's conduct at the deposition was marked by conflict with both the plaintiff's attorney and the attorney provided by Beaver County to represent him. (The briefs and record are silent regarding the nature of the suit and the details of the conflicts arising at the deposition.) Five days later, after a meeting of respondent Beaver County Commission that was attended by Cartwright, Cartwright told appellant he was suspended from his position as county jailer. Three days later, Cartwright confirmed in writing that he had suspended appellant, citing as justification relevant provisions of the Beaver County Personnel Policy. Those provisions outline available disciplinary procedures for county personnel and provide that an employee is subject to "immediate dismissal" for "[i]ndulging in offensive conduct or using offensive language toward the public or toward the County officers or employees."

In early March, following an investigation of the matter and discussion with the Beaver County Commission, Cartwright wrote appellant and stated that he was making the suspension permanent. In response, appellant filed a formal grievance under the provisions of the Beaver County Personnel Policy for improper suspension and termination of employment, seeking reinstatement and payment of lost wages. The grievance was heard before the Beaver County Commission on April 1, 1982. All parties were present. Appellant was not reinstated. He sought judicial review in the district court for Beaver County, raising the same issues presented for our consideration on appeal. The district court entered summary judgment against him on all claims, finding that all necessary procedures for his suspension and dismissal were followed.

■ Appellant's initial contention is that the sheriff had no authority to dismiss him without cause and without the concurrence of the Beaver County Board of Commissioners. This argument lacks merit. First, the record establishes that appellant's misconduct precipitated his dismissal. Appellant failed to controvert Cartwright's statement that he engaged in "serious conflict and argument" with counsel for Beaver County at the February 11th deposition. This Court has previously recognized that a sheriff may dismiss a deputy where the deputy "has been guilty of misconduct ...." *Fowler v. Gillman*, 76 Utah 414, 429, 290 P. 358, 364 (1930).

■ Second, the sheriff had authority to dismiss appellant without the approval of the board of commissioners. This issue was considered in *Sheriff of Salt Lake County v. Board of Commissioners of Salt Lake County*, 71 Utah 593, 268 P. 783 (1928). There the Court dealt with the question of whether county commissioners could suspend or dismiss deputy sheriffs against the will of the sheriff. In holding that the commissioners could not, the Court stated that unless otherwise controlled by statute, the power to suspend or dismiss is

appurtenant to the power to appoint. When an individual is appointed by an official, "the office is held during the pleasure of the authority making the appointment, and ... no notice or charges or hearings are required for the suspension or removal by the authority appointing the officer." 71 Utah at 596, 268 P. at 784. In the case at bar, the authority to hire and to dismiss appellant for misconduct or other cause rests not with the Beaver County Board of Commissioners, as appellant argues, but with the sheriff, who had the authority to and did hire appellant as a deputy and a jailer.[1]

■ Appellant next contends that whether or not the sheriff initially had the right to suspend or discharge him, the sheriff voluntarily limited his authority by adopting the Beaver County Personnel Policy as the internal policy of the sheriff's department. Appellant argues that the sheriff is, therefore, bound by those rules relating to discipline, suspension, and termination. Appellant's contention fails. While in this particular case the sheriff chose to utilize the Beaver County grievance procedure as a mechanism for adjudicating the issues raised by this termination, nothing in the record indicates that this was other than a one-time occurrence. No evidence before us even suggests that the county's policies and procedures were adopted and ratified either formally or informally by the sheriff as binding on his department in all cases. Nor is there anything in the record suggesting that any county ordinance adopted by the Beaver County Commissioners made the policy applicable to the sheriff's department. The mere utilization of part of a county procedure by the sheriff in one particular instance cannot be equated with adoption of the entire policy of which that procedure is a part. Under such circumstances, we cannot say that the sheriff has relinquished his power to summarily discharge.

■ Finally, appellant contends that respondents failed to comply with the notice provision of Utah's Open and Public Meetings Act and that such failure gave appellant the right to bring suit to void the action taken at an improperly held meeting, to wit: appellant's suspension and termination. U.C.A., 1953, § 52–4–6 (1981 ed.). However, because the sheriff had independent authority to discharge appellant for misconduct or other cause, no action by the county commissioners was necessary for the suspension or dismissal to become effective. Therefore, any meetings held or actions taken by the commissioners were irrelevant to the legality of appellant's suspension and subsequent dismissal. His suspension and dismissal gave rise to no claims for violations of the open meetings law.

For the reasons set forth above, we affirm.

HALL, C.J., STEWART, HOWE and DURHAM, JJ., concur.

---

1. The Utah legislature has enacted a statute governing the hiring and firing of deputy sheriffs, and it appears to apply to the facts of this case. U.C.A., 1953, § 17–30–1 (1973 ed.). However, neither party referred to or relied upon the statute in the proceedings below; therefore, we cannot consider it on appeal. *Bible v. First National Bank of Rawlins,* 21 Ariz.App. 54, 515 P.2d 351, 353 (1974); *see, e.g., Wagner v. Olsen,* 25 Utah 2d 366, 482 P.2d 702 (1971).