## ROSSETT *vs.* THE STATE.

1. Where the Legislature creates a new offence, or affixes a different penalty to one previously known, and limits the jurisdiction to a particular court, no other court can take cognizance of it.
2. The Criminal Court of Mobile has no jurisdiction of the offences created by the 98th section of the Revenue Act of 6th March 1848.

Error to the Criminal Court of Mobile. Tried before the Hon. John E. Jones.

PHILLIPS, for the plaintiff.

ATTORNEY GENERAL, for the State.

DARGAN, C. J.—The plaintiff in error was convicted in the Criminal Court of Mobile for being engaged in the business of retailing spirituous liquors without a license. The cause is brought before this court by writ of error, and it is insisted that the court had no jurisdiction of the offence.

The 98th section of the act of the 6th of March 1848, entitled "An act to provide for the assessment and collection of taxes," declares "that each and every person engaged or about or intending to be engaged in any of the following kinds of business or employments, shall, before he attempts to engage in or transact any such business or employment, procure from the clerk of the County Court in which he intends to do such business or follow such employment a license for the same, which shall be operative one year from the date thereof; and in default of procuring such license, the person or persons doing such business or following such employment shall be liable to pay treble the sum required for such license, to be recovered by indictment before the Circuit Court of the county in which such business or employment is alleged to have been followed." The act then proceeds to designate the different kinds of employments and to fix the price that shall be paid for a license to carry on or be engaged in the same, amongst which is that of retailing spirituous liquors.

We cannot doubt but that the Circuit Court alone has jurisdiction to punish all offences committed in violation of this sec-

tion of the act. It is true that the act of the 4th of February 1846, by which the Criminal Court of Mobile was established, invested that court with concurrent jurisdiction with the Circuit Court in the administration of the criminal law. But it is very certain that if the Legislature creates a new offence or changes the punishment of one previously known to the law, and confines the punishment of such offences to the Circuit Court alone, that the Criminal Court of Mobile cannot take cognizance of such offences, and we think it clear that the punishment of all offences against the 98th section of the revenue act of 1848 is confined to the Circuit Court. For offences against the 43d and 44th sections of that act, the offender may be indicted either in the Circuit or Criminal Court, for so the act expressly declares, but the recovery of the penalties prescribed for the violation of any of the provisions of the 98th section must be had in the Circuit Court alone. Why this distinction was made by the Legislature, it is unnecessary to examine; it may have been inadvertence or design; yet it is made, and we can only say that the Criminal Court of Mobile has no jurisdiction to punish those who violate the provisions of the 98th section of that act.

Let the judgment be reversed.

NOTE BY THE REPORTER.—The 29th section of the act of 11th February 1850 (see Pamphlet Acts, p. 24,) confers on the Criminal Court of Mobile, the name of which was afterwards by act of 12th February 1850, (Acts, p. 88,) changed to that of " The City Court of Mobile," jurisdiction over " all matters of an indictable nature, and of all penalties arising from a violation of any of the provisions" of the revenue law.