R. H. WHIPPLE, APPELLANT, *v.* H. H. HENDER-SON, RESPONDENT.

### CONSTITUTIONAL LAW—APPOINTMENT OF CITY ATTORNEY.

The provision of the territorial law made the law of the state by article 24, § 2, of the constitution, authorizing the mayor, with the consent of the council, to appoint the city attorney, is not repugnant to the clause of the constitution of

the state (section 9, art. 4) which provides that "municipal and school officers shall be elected at such time as may be provided by law." Municipal officers may be elected or appointed as provided by law.

(No. 697.　Decided June 5, 1896.　45 P. R. 274.)

Appeal from the district court, Weber county. Hon. H. H. Rolapp, *Judge.*

Action by R. H. Whipple against H. H. Henderson for usurpation of office, viz.: That of city attorney of Ogden city. From a judgment on the demurrer in favor of defendant, plaintiff appeals. *Affirmed.*

*Kimball & Kimball, E. M. Allison, Jr.,* and *Whipple & Johnson,* for appellant.

*A. J. Weber* and *A. R. Heywood,* for respondent.

ZANE, C. J.:

This action was brought to determine the title to the office of attorney of Ogden City. The plaintiff was appointed to the office on the 14th day of January, 1894, qualified, and entered upon the discharge of its duties on the next day, and continued to discharge them until the defendant was oppointed, qualified, commissioned, and took possession, on the 26th day of January, 1896. Under the territorial law, the plaintiff's term would have expired on the 14th day of that month, but the territorial government was superseded by the State of Utah on the 4th day of the same month. The plaintiff claims the office under section 10, art. 24, of the constitution of the State, viz.: "All officers, civil and military, now holding their offices and appointments in this territory by authority of law, shall continue to hold and exercise their respective offices and appointments, until superseded

under this constitution. Plaintiff insists that the phrase, "superseded under this constitution," means by a successor elected by the electors of the city under a law enacted by the legislature of the State. On the other hand, the defendant, in effect, insists that he was appointed and holds under a law of the State made so by section 2 of the same article, viz.: "All laws of the territory of Utah now in force not repugnant to this constitution, shall remain in force until they expire by their own limitations, or are altered or repealed by the legislature." This section continued in force under the State such territorial laws as were not repugnant to it, and thereby made them State laws; and offices defined in them existed thereafter by State authority. Such adoption gave them the effect they would have had had they been enacted by the legislature of the State. Section 10, *supra*, filled such offices under the State with their incumbents under the territory. In this way the State could fill such offices with their old incumbents, or provide for filling them with new ones. *State* v. *McNally* 13 Utah 25.

But it is argued that the provision of the territorial law authorizing the mayor, with the consent of the council, to appoint the city attorney, was repugnant to section 9, art. 4, of the constitution, viz.: "All general elections, except for municipal and school officers, shall be held on the Tuesday, next following the first Monday of November of the year in which the election is held. Special elections may be held as provided by law. The terms of all officers elected at any general election, shall commence on the first Monday in January, next following the date of their election. Municipal and school officers shall be elected at such time as may be provided by law." The first clause of this section fixes the time for holding all general elections, except those for municipal and

school officers. The second clause declares that special elections may be held as provided by law. The third clause names the day upon which the terms of officers elected at general elections shall commence. The last clause of the section declares that municipal and school officers shall be elected at such time as may be provided by law. This section assumed that there would be State, county, municipal, and school elections, and fixed the time upon which they should be held, except that it left the legislature to regulate municipal, school, and special elections. It does not say that all officers shall be elected by the people, or who shall be elected and who appointed. Some state, county, district, and municipal officers are elected and others appointed, in all the states, and the framers of the constitution assumed that such would be the case in the State of Utah. Section 10, following section 9, makes such assumption in declaring that "all officers made elective or appointive by this constitution, or by the laws made in pursuance thereof, before entering upon the duties of their respective offices, shall take and subscribe the following oath" [describing the oath]. This section recognized other provisions of the constitution making some officers elective and others appointive, and existing laws, and others that might be enacted, making some officers elective and others appointive. Constitutions recognize existing institutions and laws, and contemplate the fact that the legislature may change them. Section 10 of article 7 of the constitution also contemplates the election of some officers and the appointment of others in the following language: "The Governor shall nominate, and by and with the consent of the senate appoint all State and district officers, whose offices are established by this constitution, or which may be created by law, and whose appointment or election is not otherwise provided for." And subdivision

18, § 26, art. 6, prohibits the enactment of private or special laws "creating, increasing or decreasing fees, percentages or allowances of public officers during the term for which said officers are elected or appointed." The constitution in express terms makes some public officers elective and other appointive, but leaves the legislature to provide by law for the election or appointment of others. We are of the opinion that the law authorizing the mayor of the city of Ogden to appoint its city attorney is not repugnant to section 9 of the constitution, above quoted. Therefore the mayor was authorized to appoint the defendant to that office, and the appointment is valid. The judgment appealed from is affirmed.

BARTCH and MINER, JJ., concur.