STATE EX REL. WEBER, COUNTY ATTORNEY, RE-
SPONDENT *v.* WILLIS L. BEARDSLEY, APPELLANT.

APPOINTIVE OFFICERS—TERM OF OFFICE.

*Quo warranto* proceedings were brought to remove defendant, who
held an appointive office, after the expiration of the term
for which he was appointed. Section 1762, Comp. Law
Utah 1888, in force when Utah became a state, provides
that " the elective officers of a city shall hold their respect-
ive offices for two years, and until their successors are
elected and qualified." Section 1764 of the same act pro-
vides that " the appointive officers of the city shall hold
their respective offices for two years, unless sooner removed
by the city council." *Held,* that sections 1762 and 1764 were
adopted by the constitution, that, in a direct proceeding to
try the title to an office, it is incumbent upon an officer to
show a legal title to the office as against the state; that the
office of defendant, as officer *de jure,* terminated at the ex-
piration of two years, whether a successor was appointed or
not; and that section 10, article 24, of the constitution of
the state, which says, " All officers, civil and. military, now
holding their offices and appointments in this territory by
authority of law, shall continue to hold and exercise their
respective offices and appointments, until superseded under
this constitution," does not change the intent of the law to
supersede appointive officers by the expiration of two years.

(No. 702. Decided June 23, 1896. 45 P. R. 569.)

Appeal from the Second district court, Weber county,
Hon. H. H. Rolapp, *Judge.*

*Quo warranto* by the State, by *A. J. Weber,* county
attorney, on information of Richard T. Hume, against
Willis L. Beardsley, appointed to the office of city audi-
tor for Ogden City in 1894. On the third Monday in Jan-

uary, 1896, the mayor notified the city council of his appointment of Richard. T. Hume to the said office of auditor. The city council having refused to confirm the said Hume as auditor this action was brought to oust and exclude from office the said Beardsley, who claimed the right to hold over by virtue of an ordinance of Ogden City until his successor was appointed and qualified.

*E. M. Allisan, Jr.,* and *Whipple & Johnson,* for appellant.

Cited: *Robb* v. *Carter,* 4 Atl. 282; *Central* v. *Sears,* 2 Colo. 588; *People* v. *Ferris,* 16 Hun. (N. Y.) 219; *South Bay, etc, Co.* v. *Gray,* 30 Me. 547; Dillon Mun. Corp. (3d Ed.), sec. 220; *People* v. *Runkle,* 9 Johns. (N. Y.) 147; *Slee* v. *Bloom,* 5 Johns. (N. Y.) Ch. 366; 2 Kent. Com. 238; *Elmendorf* v. *Mayor,* 25 Wend. (N. Y.) 693; *Tuley* v. *State,* 1 Ind. 500; *McCall* v. *Mfg. Co.,* 6 Conn. 428; *Chandler* v. *Bradish,* 23 Vt. 416; *Overseers* v. *Sears,* 22 Pick, (Mass.) 122; *Cordiell* v. *Frizell,* 1 Nev. 130; *State* v. *Wells,* 8 Nev. 105.

*A. R. Haywood, A. J. Weber* and *Richards & MacMillan,* for respondent.

Cited: *People* v. *McAllister,* 11 Utah 289, 37 P. R. 578; 9 N. E. R. 851; *Badger* v. *United States,* 93 U. S. 599; Mechem on Public Officers, secs. 599, 129; *People* v. *Ward,* 40 Pac. 539; *Stes* v. *Brewster,* 44 Ohio St. 589; *State* v. *Tate,* 68 N. C. 546; Spelling Ex. Relief, sec. 1848; *People* v. *McIntyre,* 25 P. R. 100; High on Ex. Rem., secs. 712-716; 2 Dill. Municipal Corporations (3d Ed.), 893; *People* v. *Stanford,* 18 P. R. 88; *Robb* v. *Carter,* 4 At. R. 282; *People* v. *Clayton,* 4 Utah 422.

ZANE, C. J.:

This is a *quo warranto* proceeding in the name of the State of Utah, by the attorney of Weber county, to test

the title of defendant Beardsley to the office of auditor of public accounts of Ogden City, in that county. It appears that the defendant was appointed to the office and duly qualified on the 12th day of February, 1894, that he entered upon the discharge of its duties on the same day, and that he is still in office.

The plaintiff insists that the title of defendant Beardsley terminated on the 11th day of February, 1896, while Beardsley claims title until the appointment and qualification of his successor. This contention renders it necessary to interpret section 1762, 1 Comp. Laws Utah 1888, in force when Utah became a State, viz.: "The elective officers of a city shall hold their respective offices for two years, and until their successors are elected and qualified." And also section 1764 of the same volume: "The appointive officers of the city shall hold their respective offices for two years, unless sooner removed by the city council." The first section declares that elective officers shall hold for two years and until their successors are elected and qualified, while the latter section declares that appointive officers shall hold for two years unless sooner removed. The defendant is an appointive officer, and his legal title to the office terminated on the 12th day of February, last, unless appointive officers, as well as elective, also hold until their successors are elected and qualified. Does the language of the two sections with respect to the term express the same idea? They are found in the same act. The first declares in express terms that elective officers shall hold for two years and until their successors are elected and qualified; the latter for two years, unless sooner removed. The language differs. The language of the first section in express terms extends the incumbent's term until his successor is elected and qualified, while the language of the other in express terms extends the incumbent's term two

years from its commencement. The legislators may have believed that the inconvenience, expense, and delay of filling an elective office would be greater than that of filling an appointive office. The first section continues in office an incumbent selected by the people, while the latter supersedes one appointive officer with another. We have been referred to a number of cases under constitutions or statutes providing that public officers should hold over until their successors should be elected and qualified. Others were *mandamus* cases, or cases involving collaterally acts of officers holding over,—*de facto* officers. This is a direct proceeding to try the title to an office, not the validity of the act of the officer. In a direct proceeding, the incumbent must show a legal title to the office as against the State. A colorable title will not do. In a collateral attack, it would be sufficient to prove that Beardsley was in office exercising its functions when the act was done; but in a direct procedure like this one, he must show a perfect title. If he fails in any particular, judgment must be given against him. High, Extr. Rem. (2d Ed.), § 712; *People* v. *Bartlett,* 6 Wend. 422.

The legislature having limited the time of appointive officers to two years, the city council could not extend their terms beyond that time. The city is not a sovereignty. It can only exercise the power conferred upon it by the legislature. It must act within the limits named in the statutes, and not contrary thereto or beyond them.

We are of the opinion that the term of defendant Beardsley as an officer *de jure* terminated at the end of two years from his appointment, and since that time. he has been simply an officer *de facto,* unless section 10, art. 24, of the constitution of the State of Utah continues him in office until his successor shall be appointed and qualified. That section is as follows: "All officers civil and

military, now holding their offices and appointments in this territory by authority of law, shall continue to hold and exercise their respective offices and appointments until superseded under the constitution." In the case of *Whipple* v. *Henderson*, 13 Utah 484, 45 Pac. 274, we held that section 2 of the article of the constitution above mentioned continued in force under the State such territorial laws as were not repugnant to that instrument, and that thereby they became State laws; that such adoption gave them the same effect they would have had, had they been enacted by the State legislature; and that offices defined in such laws existed thereafter by State authority. In the case of *State* v. *McNally*, 13 Utah 25, 43 Pac. 920 we held, that section 10 filled such offices under the State government with the persons who had been their incumbents under the territorial government. We also held, in *Whipple* v. *Henderson*, that section 9, art. 4, of the constitution did not require all municipal officers to be elected, but that some might be elected and others appointed as provided by law. Those decisions we now reaffirm. In the case of *Whipple* v. *Henderson*, however, the defendant had been appointed, and he had qualified and entered upon the discharge of the duties of the office, after Whipple's term had expired under the law, and after statehood; while, in the case now in hand, the defendant Beardsley has not been superseded by a successor.

This brings us to a consideration of the question: Does section 10 continue the incumbent under the territorial government in office under the State government until his term expires, as fixed by the statute, or does it continue his term until his successor is duly appointed and qualified? Does the phrase, "until superseded under this constitution," mean, in this case, until the expiration of the two years as limited in the law under which he was

appointed, or until he is superseded by a successor, duly appointed and qualified? Did the expiration of the two years supersede the defendant Beardsley, or does it require the appointment and qualification of his successor to supersede him? While "supersede" is a more appropriate term to indicate the termination of an incumbents term by the appointment of his successor, we think it more reasonable to infer that the framers of the constitution, in adopting the territorial laws, intended to continue the offices described in them with the limitations fixed therein upon the terms of their incumbents. There is no apparent reason for changing the duration of those terms. Such a construction harmonizes the laws continued with the constitutional provision continuing them. The judgment of the court below is affirmed.

BARTCH and MINER, JJ., concur.