## SKEEN v. BROWNING.

No. 1829.   Decided March 22, 1907 (89 Pac. 642).

MUNICIPAL CORPORATIONS — POLICE AND FIRE DEPARTMENTS — REMOVAL OF OFFICERS — JURISDICTION.  Revised Statutes 1898, section 4580, providing for proceedings in the district court for removal of any officer in its jurisdiction, has no application to the heads of the fire and police departments of cities of over twelve thousand inhabitants; they being governed by Laws 1899, c. 28, p. 45, giving the mayor and city council, who appointed them, power to remove such heads of departments, when in their judgment the good of the service will be subserved thereby, and providing that their action in removing either of them shall be final and conclusive, and not reviewable by any court.

APPEAL from District Court, Second District; before Justice Geo. G. Armstrong.

Proceedings by J. D. Skeen against Thomas E. Browning. From an adverse judgment, plaintiff appeals.

AFFIRMED.

*J. N. Kimball* for appellant.

*A. G. Horn, Maginnis & Corn* and *J. E. Bagley* for respondent.

### APPELLANT'S POINTS.

An office is distinct from its incumbent and exists independent of the resignation or death of the latter. (6 Cur. Law, p. 842. *Dull v. Mammoth Min. Co.,* 28 Utah 467, 79 Pac. 1050; *Patton v. Board of Health,* 127 Cal. 388, 78 Am. S. R. 66, and note.)  "A public officer is one who has some duty to perform concerning the public, and he is not

the less a public officer when his duty is confined to narrow limits, because it is the duty and the nature of that duty which makes him a public officer and not the extent of his authority. (7 Bac. Abr. 280; Carth. 479; *Shelby v. Alcorn,* 36 Miss. 273, 72 Am. Dec. 169, and monographic note; *People v. Stratton,* 28 Cal. 388; *Olmstead v. Mayor,* 42 N. Y. Sup. 481; *Bradford v. Justices,* 33 Ga. 332; *State v. Hocker,* 39 *Florida* 477, 63 Am. St. 174; *State v. Stanley,* 66 N. E. 59; *Rickets v. N. Y.,* 67 How. Pr. 320; *McCormick v. Thatcher,* 8 Utah 294; *U. S. v. Maurice,* 2 Brock. 103.)

RESPONDENT'S POINTS.

We concede that a police officer of a city is an officer but we do contend that he is not such an officer as is contemplated by the removal statute and that while it uses the term "municipal officer," it was intended to cover other officers of a municipality and does not cover those which by law are governed by other and delegated procedures. (*People v. Cain,* 47 N. W. 484; *Trainor v. Co.,* 15 L. R. A. 95 and cases; 19 A. & E. Encyclo. 562 a; *People v. Pinckney,* 32 N. Y. 377; *Shanley v. Brooklyn,* 30 Hun 396; *State v. Register,* 59 *Md.* 283; *State v. Küchli,* 19 L. R. A. 779; *State v. Trenton,* 14 Atl. 578.)

We further contend that where a statute upon a particular subject has provided a tribunal for the determination of questions connected with that subject, the jurisdiction thus conferred is exclusive unless otherwise expressed or clearly manifested. (12 A. & E. Encl. of Law, 290, 291; *Macklot v. Davenport,* 17 Iowa 379; *Bassett v. State,* 17 Ala. 496; *Dodson v. Scroggs,* 47 Mo. 285; *Aldrich v. Hawkins,* 6 Black [Ind.] 125; Work on Juris. 68.)

FRICK, J.

The plaintiff instituted these proceedings in the district court of Weber county, Utah, against the defendant, as chief of police of Ogden City, to remove him from such office under section 4580, Rev. St. 1898. Various acts are set

forth in the information or complaint charging the defendant with both willful and negligent disregard of official duties imposed by the ordinances of Ogden City. In view of the conclusion reached it is not deemed necessary to state the charges preferred in the complaint. The defend ant appeared to the complaint and filed a general demurrer, in which he also sets forth various grounds of special demurrer, one of which is "that the court has not jurisdiction of the subject-matter of the action." The court sustained the demurrer and entered judgment dismissing the action, and the plaintiff appeals from the judgment, and assigns the ruling of the court as error.

The only question, therefore, is: Did the court err in sustaining the demurrer? Waiving all other reasons assigned by the defendant why the demurrer was properly sustained upon other grounds, we think the ruling of the court is right upon the ground that the district court did not have jurisdiction of the subject-matter of removing the defendant from office in this proceeding and for the causes alleged in the complaint. Counsel for appellant insist that this proceeding is controlled by the decisions of this court in the cases of *Skeen v. Craig* (Utah), 86 Pac. 487, and *Skeen v. Chambers* (Utah), 86 Pac. 492. We cannot assent to this view. In those cases the removal of city councilmen for taking illegal fees was involved, and this court held under the provisions of section 4580 the district courts of this state had jurisdiction. In this case, however, we are confronted with a different question. The Constitution of this state (section 21, art. 6) provides, among other things, that "all officers not liable to impeachment shall be removed . . . in such manner as may be provided by law." In conformity with this provision the Legislature of Utah adopted chapter 31, p. 108, Laws 1896, wherein they provided for the removal of all officers for which impeachment was not provided in the Constitution itself, and section 4580 constitutes the last section of said chapter. At the same session (chapter 73, p. 219. Laws 1896) the Legislature also passed an act providing for a board of police and fire

commissioners for cities having twelve thousand inhabitants and over that number, and conferred upon such boards the duties pertaining to the government and control of the police and fire departments of such cities, and specially conferred upon such boards the exclusive powers to appoint and to remove from office the heads, as well as the subordinates, constituting such departments, and provided the method of procedure in that regard. This act remained in effect until 1899, when it was repealed, and chapter 28, p. 45, Laws 1899, was substituted therefor. By this latter act the boards of police and fire commissioners were abolished, and the right of control, the government and the power of appointment and removal, of the officers constituting the police and fire departments in cities having twelve thousand inhabitants and over, were conferred on the mayors and city councils of such cities. Section 8, p. 46, Act 1899, in referring to the power of removal from office, among other things, provides:

"The action of the mayor and of the city council in removing the head of either department shall be final and conclusive and shall not be reviewed or called in question before any court."

The same act also provides for the appointment of these heads of departments by the mayor, and to be confirmed by the city council. It is conceded that the defendant is the head of the police department of Ogden City, which is a city falling within the provisions of the aforesaid act. It will thus be seen that the defendant is controlled entirely by the mayor and city council of Ogden City; that he owes his appointment to the executive and legislative departments of said city, and is subject to removal as provided in the same section quoted from above without charges at any time when, in the judgment of the mayor and city council, "the good of the service will be subserved thereby." It is manifest, therefore, that the Legislature of this state in adopting the foregoing acts intended to create special tribunals and special methods for the removal of the heads of police and fire departments of cities of the class therein enumerated,

and thus these officers, if officers they be within the provisions of section 4580, did not and were not intended to come within the provisions of said section 4580, on which the proceedings in this case are based. The method of removing these heads of departments is exclusive, and certainly responds as well to the provisions of section 21, art. 6, of the Constitution, as does section 4580. Moreover, it may be said to be an inherent right of the power that appoints—creates—the officer to also have the power to remove him, and unless this power in some way is limited by some statutory provision it, as a general rule, prevails. (*Christie v. City of Kingfisher*, 76 Pac. 135-141, 13 Okl. 585.)

Courts from time immemorial have held to the doctrine that where special jurisdiction of a particular subject is conferred on a particular court, or upon a special board or body, as a general rule the courts do not have jurisdiction of that subject, and that consent cannot confer it. Among other authorities the following sustain the doctrine: Works on Jurisdiction, 68; *Cones v. Ward,* 47 Mo. 289; *Rossett v. State,* 17 Ala. 496; *Macklot v. City of Davenport,* 17 Iowa, 379; *Aldrich v. Hawkins,* 6 Blackf. (Ind.) 125. It should likewise be kept in mind that, in conferring upon cities the power to create and control the police departments, the state delegated to them a part of its sovereign power which such cities execute as the agents of the state. The reason, therefore, readily suggests itself why the power of both appointment and removal of the heads of the police departments was placed in the hands of those upon whom falls the duty of executing the powers conferred by the state. It is equally obvious why individuals should not be permitted through the courts to meddle with the conduct and control of these departments in any way. While in some instances, perhaps, interference by the courts may seem necessary, it might in the long run prove more pernicious than does the denial of the right to do so. It seems clear to us that it was not intended that the courts of this state should exercise the power sought to be invoked in this proceeding, and hence the court did not err in sustaining the demurrer.

The judgment is therefore affirmed, with costs.

McCARTY, C. J., and STRAUP, J., concur.