## GLEN v. PARK ET AL.

No. 2860.  Decided March 30, 1916.  Rehearing denied July 1, 1916.
(158 Pac. 425.)

1. MUNICIPAL CORPORATIONS — REMOVAL OF POLICEMAN — FRAUD.
Fraud, inducing plaintiff to resign as a policeman, is not ground for his reinstatement, where defendants, city officers, had power to remove him without resignation.  (Page 162.)

2. MUNICIPAL CORPORATIONS — OFFICERS — POLICE — REMOVAL—
GROUNDS.  In cities of Salt Lake's class, a policeman is removable by the city government at any time with or without cause, the method of removal is immaterial, and no removal is reviewable by the courts.[1]  (Page 162.)

Appeal from District Court, Third District, *Hon. T. D. Lewis,* Judge.

Suit by Hugh L. Glenn against S. C. Park and others.

Decree for respondents.  Complainant appeals.

AFFIRMED.

*H. L. Glenn,* in pro. per.

*H. J. Dininny, Aaron Myers* and *W. H. Folland,* for respondents.

---

[1]*Skeen* v. *Browning,* 32 Utah 164, 89 Pac. 642.

FRICK, J.

The plaintiff brought this action in equity in the 'district court of Salt Lake county, against S. C. Park as mayor and against H. W. Lawrence, R. P. Morris, H. M. Wells, W. H. Shearman, and Karl A. Schied as the commissioners of Salt Lake City, to require them to cancel plaintiff's resignation and to deliver the same to him, and for general relief. Plaintiff's complaint covers nearly eighteen pages of the printed record, and 'is too long to be inserted here. The gist of his complaint is that on, and prior to, the 12th day of January, 1914, he was a regularly appointed and acting police officer of Salt Lake City under one B. F. Grant, who was the chief of police of said city; that on said day plaintiff was wrongfully induced to resign as such policeman, and to deliver his resignation to said chief of police, that said resignation was signed and delivered upon certain conditions, and said chief of police, in disregard of said conditions, wrongfully presented said resignation to said mayor and commissioners, and that through the misrepresentations made by said mayor and chief of police to said commissioners said resignation was, on the 29th day of January, 1914, accepted by them; that by reason of said misrepresentations and by the failure of the conditions upon which said resignation was given by plaintiff and received by said chief of police and mayor, the same became void and of no force or effect; that plaintiff at no time was removed as a policeman, although he ceased to act as such from and after the acceptance of his resignation as aforesaid; that although plaintiff has frequently requested said mayor and commissioners to rescind said resignation and to reinstate him in his former position as policeman, yet they have refused, and continue to refuse, to do so. We have, we think, stated the propositions as favorably to the defendant as the allegations in the complaint justify. Upon the allegations aforesaid the plaintiff prayed judgment:

"(1)   That the said resignation is void; (2) that the said defendants produce said resignation and deliver it up to be canceled; (3) for costs of this action; (4) for such other relief as to this court may seem meet and equitable."

The defendants demurred to the complaint upon the

grounds: (1) That the complaint does not state facts suffi-
cient to constitute a cause of action; and (2) that the court
had no jurisdiction of the subject-matter. The district court
sustained the demurrer, and, the plaintiff electing to stand
on the allegations of his complaint, judgment dismissing the
same was duly entered, from which plaintiff appeals.

The plaintiff assigns the ruling of the court and the entry of
judgment aforesaid as error. It seems that plaintiff's theory
of the case is that, in view that his allegations that he was
tricked or deceived into presenting his resignation as a police-
man, and that it was acted on by the commissioners
upon the representations of the chief of police and **1, 2**
the mayor which were untrue, therefore his resigna-
tion never had any legal force or effect, and hence should be
delivered up and canceled. The difficulty that plaintiff must
overcome, however, lies deeper than that. While it may be
said, as a general statement, that no valid action can legally
be based on fraud and deception, yet it is equally true that
the fraud and deception must be in respect of some material
thing, and must affect a legal, and not merely go to a moral,
question or right. In this state it is conclusively settled that
a policeman, in cities of Salt Lake's class, may be removed at
any time for cause or without cause, as the city government
may elect. And it is further settled that the courts are pow-
erless to review or interfere with the actions of the city gov-
ernment in that respect. *Skeen* v. *Browning*, 32 Utah 164,
89 Pac. 642. The motives of the mayor or commissioners in
obtaining and in accepting plaintiff's resignation, and the
manner in which that was done, in the eye of the law is wholly
immaterial. While plaintiff alleges in his complaint that he
never was formally removed, yet the fact that he left the police
force and, after his resignation was accepted, never was recog-
nized as a police officer of Salt Lake City, the refusal of the
mayor and commissioners to recognize him as such, in legal
effect, clearly amounted to a removal. While the method that
plaintiff alleges was employed to obtain his resignation as
policeman in morals may not be commendable, yet in law no
relief can be given because the method or motive by which his
resignation or removal, whatever it may be called, was ac-

complished is wholly immaterial.  If this court should therefore interfere and set aside the resignation, and declare it null and void, plaintiff would still stand removed from office, and hence the action of this court would be as vain and as fruitless as was plaintiff's protest to the city commissioners.

In view of the facts alleged in the complaint but one conclusion is permissible, and that leads to the affirmance of the judgment.  The judgment is therefore affirmed, with costs to respondents.

STRAUP, C. J., and McCARTY, J., concur.