## TAYLOR v. GUNDERSON, Mayor, et al.

No. 6762. Decided December 27, 1944. (154 P. 2d 653.)

See 43 C. J. Municipal Corporations, Sec. 1303. 43 Am. Jur., 38.

*Grant Macfarlane* and *Herbert F. Smart,* both of Salt Lake City, *John S. McAllister,* of Mt. Pleasant, for appellants.

*Lewis Larson,* of Manti, for respondent.

WOLFE, Chief Justice.

Appeal from an order requiring reinstatement of Alma Taylor as City Marshal of Mount Pleasant City and ordering payment of back salary.

The respondent was appointed City Marshal of Mount Pleasant City, Utah, on January 20, 1942, and assumed that office March 1, 1942. A motion was passed in the City Council that respondent "be asked to read the electric light meters along with his other duties." Plaintiff refused to read the meters and on September 1, 1942, at a regular meeting of the City Council stated that if the Council insisted on his doing so he would resign, to take effect immediately. At this September meeting respondent started to take off his paraphernalia but on suggestion of Councilman Erickson that he "be not too hasty" and "look for himself a job" he put them on again.

A Council meeting was held on October 3, 1942, at which the Mayor and four members were present. There was then one vacancy in the Council. At this meeting it was moved by Councilman Pritchett that respondent "be re-

lieved of his position of City Marshall and that Abe J. Burton be confirmed as City Marshal." Councilmen Erickson and Pritchett and Mayor Gunderson voted "aye" and Councilmen Young and Brotherson voted "no." The respondent thereupon removed his badge, gun, holster, and belt and turned them, together with the keys, handcuffs and other paraphernalia over to the Council and said "that means I am through," or according to Councilmen Young and Brotherson, "I guess that lets me out."

On April 2, 1943, respondent obtained an alternative writ of mandamus from the District Court requiring appellants to reinstate him and authorize payment of his salary as City Marshal or show cause why they did not do so. The trial ended in an order requiring reinstatement of petitioner and the defendants personally to pay the amount of the claimed salary. The court denied a motion to vacate the judgment and a motion for a new trial. The defendants brought this appeal.

Several grounds are urged for reversal. The appellant first contends the respondent was lawfully discharged. The respondent counters that he was not lawfully discharged because (a) the procedure for removal prescribed by Section 15-6-32, U. C. A. 1943, was not followed, and (b) that a removal, even in accordance with the procedure outlined in Section 15-6-32, must be for cause and that in this case there was no cause. We consider respondent's contentions in the order named. Section 15-6-32 provides:

"Except as otherwise provided by law, the term of office of all appointive officers in cities shall be until the municipal election next following their appointment, unless they are sooner removed by the board of commissioners of cities of the first and the second class, or in cities of the third class by the mayor with the concurrence of a majority of the members of the city council, or by the city council with the concurrence of the mayor."

It is admitted that Mount Pleasant City is a city of the third class and that the Council when filled consists of five

members, Sec. 15-6-3, U. C. A. 1943. On October 3, 1942, there were four councilmen present. There was one vacancy. Under Sec. 15-6-20, U. C. A. 1943, this constituted a quorum. The minutes of the meeting of October 3, 1942, show that Councilman Pritchett made the motion that Taylor, respondent, be relieved of his position of City Marshal. The vote was two for and two against the motion—a tie vote. Under Section 15-6-24, U. C. A. 1943, there being a tie, the Mayor was entitled to cast a vote. He voted "aye." The motion to relieve respondent of his position as City Marshal therefore was carried by the Council. See *McClain* v. *Church*, 76 Utah 170, 289 P. 88. Having voted "aye" it was not necessary for him to vote again or otherwise indicate his concurrence. It transpires, therefore, that the proper procedure was followed under Section 15-6-32 to remove the respondent.

Appellants contend that no cause to remove respondent need be shown. This appears to be correct. The statutes are silent as to whether appointive officers of cities of the third class may be removed without cause. Where a statute is silent as to whether "cause" is or is not required as a condition of removal, the question depends on the intent of the legislature to be gathered from the provisions of the statute dealing with removal and all other related statutes which may throw light on the subject. See 99 A. L. R. 336 and especially page 349, et seq. There is great apparent confusion in the cases, some of which confusion might disappear if the nature of the tenure and other factors were examined in minutia. Several factors are given weight by the cases. For example, whether the term is definite or indefinite is a factor. See *State ex rel. Hammond* v. *Maxfield et al.*, 103 Utah 1, at page 14, 132 P. 2d 660, and cases collected in 99 A. L. R. 336, at 363 and 366. Also, when the appointee is to hold during good behavior the implication is that other than good behavior must be shown before he can be removed. *Pratt* v. *Board of Police and Fire Commissioners*, 15 Utah 1, 49 P. 747;

annotation 99 A. L. R. 336 at 369. The annotator in 99
A. L. R. 336 at page 351 notes that:

"As appears from the New York cases which are set out at appropriate points in the annotation (see particularly, *People ex rel. Fonda* v. *Morton*, 1896, 148 N. Y. 156, 42 N. E. 538, infra, III. b. 2, under the heading, 'Specified causes'), the tendency in that state is to construe a statute as not requiring notice and hearing where notice and hearing are not distinctly provided for. This seems to be a result of an apparent policy of the New York legislature expressly to provide for notice and hearing where notice and hearing are intended."

Other courts have placed emphasis upon the nature of the duties to be performed by the official and whether in the scheme of things it would be necessary promptly to remove the official. See *State ex rel. Barker* v. *Crandall*, 269 Mo. 44, 190 S. W. 889. Other indicia of legislative intent are set forth in an exhaustive annotation in 99 A. L. R. 336, at 353, et seq. While the presence of a given factor such as a fixed term may be a strong indication of legislative intent, there is no unyielding rule. The whole inquiry is one of determining legislative intent.

By Chapter 107, Laws of Utah 1909, the legislature provided for the appointment of a City Marshal in cities of the third class. The statute in substance provided: In cities of the third class a city marshal and a city justice of the peace shall be appointed by the mayor, subject to confirmation by the city council, on or before the first Monday of February following a municipal election, whose terms of office shall be for two years, or until removed for cause. This remained in the statutes until 1933, when the legislature in the enactment of the Revised Statutes of Utah 1933, broke the section (Sec. 600, C. L. of Utah 1917) containing this provision down into Section 15-6-29 and 15-6-30, R. S. 1933, and in doing so, eliminated the words "or until removed for cause." Since the statute expressly required cause for removal, and subsequently was changed by the legislature so as to elminate the words expressly requiring cause for removal, the

indication quite clearly is that the legislature intended to eliminate the requirement that there be cause for removal of a city marshal.

The respondent would have us place emphasis upon the fact that the Section 15-6-32, provides for a fixed term. But it must be noted that the term, although for a fixed period, has a condition attached. The term will not in any event last beyond the next municipal election even though no successor be appointed. *State ex rel. Weber* v. *Beardsley,* 13 Utah 502, 45 P. 569. But it might end sooner, for the term shall be until the next municipal election only if the official is not sooner removed. This clearly contemplates that an appointive official might be removed before the next municipal election. The arguments usually flowing from the fact that the term is definitely fixed do not apply here.

The procedure outlined by the statute (Sec. 15-6-32) for removal places the power of removal in the same authorities (Mayor and City Council) who have the power of appointment. See Sec. 15-6-30. In the absence of an express provision to the effect that removal may be only for cause, the fact that the power of appointment and power of removal, are both vested in the same authority is some indication that removal may be without cause. See *Townsend* v. *Kurtz,* 83 Md. 331, 34 A. 1123. This indication is here given support by the fact that either the Council or the Mayor may initiate procedure for removing an appointive official, but neither can remove an official without the consent of the other. This very check on the removal power negatives the idea that cause for removal must be present. Rather this check would seem to be a substitute for cause as a protection against mere whimsical action by either governing authority. If there is cause for removal the necessity for such a check would hardly be necessary. Rather than construe this section as providing a double check, that is, requiring cause *and* the concurrence of the Mayor or Council, as the case may be, we believe

that the requirement that there be a concurrence in the removal was designed as a substitute for the requirement that there be cause.

In *Townsend* v. *Kurtz*, 83 Md. 331, 34 A. 1123, the court was called upon to try title to the office of insurance commissioner of the state of Maryland. The defendant had been appointed to fill an unexpired term under a statute providing that the chief officer of the insurance department:

"shall be appointed by the governor, treasurer and comptroller for the term of four years, and shall be known as the insurance commissioner, * * * and shall hold his office during the term for which he is appointed, or until his successor is appointed and qualified, *unless sooner removed by the governor, treasurer and comptroller.*" (Italics added.)

The court noted that the case would turn upon the determination of whether or not cause for removal needed to be shown for it was conceded that the three named officials concurred in removal of the defendant. The court, in holding that no cause needed to be shown, said:

"The legislature authorized these three officers to make the appointment, and the removal could only be accomplished by their unanimous consent. The governor is elected by the people for four years, the comptroller for two years, and the treasurer by the legislature every two years; and the lawmakers who give them this power to appoint this officer might well assume that they would only exercise the power of removal given them when the interests of the public demanded it. After the appointment as made, they might see that the appointee was not exactly the right man for this important position, although it would be difficult to establish charges of incompetency or misconduct in office."

The court also quoted with approval from *McBlair* v. *Bond*, 41 Md. 157, in which the argument was made that every inference should be in favor of prohibiting removal without cause, and the court answered:

"But in answer to this it may be said that in the organization of government confidence must be reposed somewhere, and that no more effectual check could well be imposed upon the undue exercise

of the governor's power over this office than has been imposed by requiring the concurrence of the senate before removal can be accomplished."

After quoting from the *McBlair* v. *Bond* case, the court in the Townsend case concluded:

"In this case the confidence of the legislature was reposed in these three high officers that the powers vested in them would not be ruthlessly exercised, and if at any time the law has been or shall be abused it can easily be remedied by the legislature itself."

See also *State* v. *Stevens*, 46 N. J. L. 344; and *Scott* v. *City of Waterloo*, 190 Iowa 467, 180 N. W. 156.

By following the correct procedure the Council with the concurrence of the Mayor had the authority to remove the respondent from the office of town marshal without cause. Since the correct procedure was followed here, the removal was lawful. It is not necessary to discuss any of the other assignments of error.

Judgment reversed. Costs to appellants.

McDONOUGH, WADE, (on grounds stated by LARSON, J.), and TURNER, JJ., concur.

LARSON, Justice.

I concur, but limit my concurrence to the fact, as stated in the opinion, that since by Chap. 107, Laws of Utah 1909, a city marshal could only be removed for cause, and by enactment of the Revised Statutes of Utah 1933, the legislature eliminated the words "or until removed for cause" a legislative intent or declaration is clearly manifest that a city marshal may be removed in the manner provided by statute without cause. Beyond this we need not go.