**STATE of Utah, Plaintiff and Appellant,**

v.

**Karl J. STAVAR, Defendant and Respondent.**

No. 15432.

Supreme Court of Utah.

April 14, 1978.

Robert B. Hansen, Atty. Gen., Robert R. Wallace, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

Phil Hansen of Phil Hansen & Associates, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

The Attorney General initiated this proceeding in district court to remove Karl J. Stavar, Chief of Police of Helper from that office.

The complaint charged him with:

. . . committing Malfeasance in Office, in that during his term, as Chief

of Police said defendant did intentionally and knowingly breach the trust imposed upon him by virtue of his office to a substantial degree and in such a way as to offend against the commonly accepted standards of a person in his office.

Section 77–7–1 states:

All officers of any city . . . not liable to impeachment shall be subject to removal as provided in this chapter upon being convicted of a felony, an indictable misdemeanor, a misdemeanor involving moral turpitude or malfeasance in office.

Section 77–7–2 continues:

. . . Such accusation may be initiated by any taxpayer, grand jury, or county attorney for the county in which the officer was elected or appointed, or by the attorney general.

The trial court granted the defendant's motion to dismiss on two grounds, that: (1) the accusation "does not state facts with sufficient particularity to state a cause of action," and (2) the accusation failed to allege that the defendant had been convicted of any of the offenses enumerated in 77–7–1, the trial court stating that "a conviction must precede the initiation of any action under 77–7–2." The state appeals.

In approaching the issues involved herein, it should be noted that a proceeding such as this to remove a public officer is a civil proceeding, as contrasted to a criminal proceeding wherein one is charged with a crime which might subject him to fine and imprisonment.[1] The fair import of Sec. 77–7–1 quoted above is that as a foundation to such an action it must be alleged that the defendant has been previously convicted of one of the offenses listed in that section.

In view of the existing, and possibly continuing, controversy in this matter, and its possible effect as precedent, we deem it appropriate to observe that the fact that U.C.A.1953, Sec. 10–3–911 authorizes the Board of Commissioners to remove a Chief of Police does not necessarily mean that

that is the only way that it may be done. We can see no reason why the fact that such a procedure is so spelled out in that section, relating to Cities, should be regarded as inconsistent with or destroying the effect of the other procedure for removing officers for cause, as provided in Secs. 77–7–1 and 2 quoted above. It is significant that section 2 says that the proceeding can be initiated by any properly interested party, including any taxpayer. This indicates legislative recognition of the fact that in some instances, for a number of reasons, including possible involvement themselves in failure to perform public duties, or even actual corruption, public officials may fail to initiate such proceedings against public officers when it should be done; and that in such an exigency the alternative procedure under Secs. 77–7–1 and 2 should be available.

Because of our disposition of this case as explained herein, it is not necessary to now decide whether a Chief of Police is a public officer within the meaning of Sec. 77–7–1 and 2 providing for the removal of public officers. However, it is our tentative view that he should be so regarded. Definitions are many and varied. It can be said generally that a public officer is one who is appointed or elected and has the responsibility of exercising judgment and initiative in performing important functions of government.[2]

For the reasons stated above, we reserve judgment as to whether, under a complaint properly pleading a statement of facts which would meet the requirements of the statute referred to, such a proceeding would lie against a Chief of Police. Notwithstanding the reservations just stated, it is our conclusion that the trial court properly granted the defendant's motion to dismiss for the reason that the accusation did not meet the requirement of the statute.

Affirmed. No costs awarded.

MAUGHAN, and HALL, JJ., concur.

WILKINS, J., concurs in result.

---

1. Cf. *State v. Guerts,* 11 Utah 2d 345, 359 P.2d 12.

2. See such definitions in 67 C.J.S. Officers, Secs. 2 and 5.

ELLETT, Chief Justice (concurring specially):

I agree that the case should have been dismissed by the trial court, but not for the reasons given in the prevailing opinion. The statute provides that an officer may be removed for "malfeasance in office" and that is exactly the allegations in the complaint. The trial court thought the cause of action failed because it was not alleged that the respondent had not theretofore been "convicted."

Whether a person has to be convicted in another proceeding before he may be removed from office in a subsequent case need not be determined at this time. One would suppose, however, that the jury trying him for removal could adjudge him guilty of the things stated in the statute.

It is to be noted that the statute [1] provides:

If the defendant pleads guilty, the court must render judgment of conviction against him. If he denies the matters charged or refuses to answer the accusation, the court must immediately, or at such time as it may appoint, proceed to try the accusation.

The statute [2] further provides:

Nothing in this chapter shall be construed to prevent the officers mentioned from being proceeded against by information or indictment for a public offense in the same manner as is provided by law . . . .

This seems to indicate that removal may precede prosecution.

My basis for sustaining the trial court is that a chief of police is not "an officer" within the meaning of the statute. Both the chief and the cop on the corner are employees of the city. To permit any taxpayer to initiate a removal suit at his whim would greatly reduce the efficiency of law enforcement. Every time a policeman arrested a person he would be subjected to a removal suit. That just can't be the intent of the statute. The "officer" intended to be covered by the statute includes elected officials (not subject to impeachment) and members of commissions who are involved in the administrative law process. Such officers have a definite term of office and are not removable by impeachment; hence court removal is appropriate should they violate the provision of section 77–7–1 set out in the prevailing opinion.

The proper way to deal with a bad chief of police is set out in U.C.A.1953, section 10–3–911 (enacted by L.U.1977, chapt. 48, sec. 3) which reads:

The *chief of the police* . . . of the cities may at any time be removed, without a trial, hearing or opportunity to be heard, by the board of commissioners whenever in its opinion the good of the service will be served thereby. Its action in removing the chief . . . shall be final and conclusive and shall not be received or called in question before any court. . . . [Emphasis added.]

Even if it be assumed that a Chief of Police is an officer subject to removal by the court, the general statute pertaining to all officers, not subject to impeachment, would not prevail over the specific statute which covers a Chief of Police.[3]

If it be said that the chief or the cop is guilty of matters which justify removal and the commissioners do nothing about it, then a removal suit could be brought against them.

The conservation of judicial time is a matter of concern, and a court case should not be permitted to be brought to remove those officers engaged in enforcing the law, but who have nothing to do with the making of it. Every case of removal in Utah has involved an elected official or an administrative official. I think we should let the courts and all persons who are angry at the cops know that policemen and firemen regardless of rank will not be removed by judicial suits.

1. U.C.A.1953, 77–7–10.

2. U.C.A.1953, 77–7–16.

3. 73 Am.Jur.2d, Statutes, sec. 257.

This action was properly dismissed because it should not have been started in the first place.