**Robert B. HANSEN, Plaintiff and Appellant,**

v.

**David L. WILKINSON, Defendant and Respondent.**

No. 18224.

Supreme Court of Utah.

Feb. 17, 1983.

Mark S. Gustavson, Robert B. Hansen, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Donald S. Coleman, Salt Lake City, for defendant and respondent.

HOWE, Justice:

Plaintiff appeals from an order dismissing his complaint with prejudice.

Plaintiff was employed as an attorney in the Attorney General's Office of the State of Utah between November of 1968 and December of 1976. He achieved permanent career status in January 1976 under the "Attorney General Career Service Act", codified at U.C.A., 1953, § 67–5–6, et seq. (hereafter Career Service Act). In November of 1976 he successfully ran for the office of Attorney General of Utah. He assumed office in January of 1977 and served his full four-year term. In the Republican primary election of 1980 he was a candidate for re-election, but was defeated by the defendant who also won in the November general election and assumed office as

plaintiff's successor on January 5, 1981. Plaintiff thereupon asked for reinstatement to the position he had held until he was elected Attorney General. His request was denied. From the dismissal of an action attempting to enforce his request, he has taken this appeal.

The only issue on appeal is whether plaintiff is entitled to reinstatement to the position of career status attorney under U.C.A., 1953, § 67–5–11. That section reads as follows:

> 67–5–11. Attorney accepting appointment to state position exempt from merit provisions—reinstatement in career status.—(1) An attorney in a career status *accepting appointment* to a position in state government which is exempt from the merit provisions of chapter 13 of Title 67 shall upon termination of *such appointment or employment,* unless he is discharged for cause, be reinstated in a career status in the office of the attorney general at a salary not less than that which he was receiving at the time of his *appointment,* and the time spent in such other position shall be credited toward his seniority in the career service. [Emphasis added.]

Plaintiff in his brief and in oral argument contended that the term "employment" should be construed in the broadest sense to include election to state office, but has failed to substantiate that argument by apposite case law. Defendant points to the fact that the word "appointment" is used three times in one sentence, whereas the word "employment" is used but once in the disjunctive, and preceded by the qualifying adjective "such." This, defendant contends, restricts the word "employment" to the same order of specificity as the word "appointment." As a result, an attorney who runs for political office and is elected should not come within the ambit of the purpose of the statute. We agree.

A short digression to review some well established rules of statutory construction is in order. The concisely expressed principle that "a word is known by the company it keeps"[1] has been restated throughout the jurisdictions of this country under the maxims of (1) "noscitur a sociis",[2] (2) "ejusdem generis",[3] and (3) "expressio unius est exclusio alterius."[4] The first of these doctrines postulates that "the meaning of a doubtful word may be ascertained by reference to the meaning of words associated with it," the second that "general and specific words which are capable of an analogous meaning, being associated together, take color from each other so that the general words are restricted to a sense analogous to the less general." *U.S. v. Baumgartner,* 259 F. 722, 724, 725 (9th Cir.1919). In 2A C. Sands, Sutherland Statutory Construction, § 47.16, et seq., (4th ed. 1973) the first of these doctrines is explained as follows: "When two or more words are grouped together, and ordinarily have a similar meaning, but are not equally comprehensive, the general word will be limited and qualified by the special word." The second of the above doctrines is commonly applied, so that "where general words are subjoined to specific words, the general words will not include any objects of a class *superior* to that designated by the specific words." [Emphasis added.] Accord *W.S. Hatch Co. v. Public Service Commission,* 3 Utah 2d 7, 11, 277 P.2d 809 (1954). See also *In re Pacific Marine & Supply Co., Ltd.,* 55 Haw. 572, 524 P.2d 890, n. 5 at 895 (1974). Under the third of the above doctrines *Sutherland,* supra, at § 47.01, remarks that "It probably is not wholly inaccurate to suppose that ordinarily when people say one thing they do not mean something else."

With the foregoing three maxims in mind, we now examine the meaning of the broad term "employment" in relationship to the specific term "appointment." Section

---

**1.** *U.S. v. Iannone,* 610 F.2d 943, 945 (D.C.1979) citing *Jarecki v. G.D. Searle & Co.,* 367 U.S. 303, 307, 81 S.Ct. 1579, 1582, 6 L.Ed.2d 859 (1961).

**2.** "It is known from its associates."

**3.** "Of the same class."

**4.** "Expression of one thing is the exclusion of another."

67–5–11 of the Career Service Act provides for reinstatement of an attorney who accepted appointment to any of the state government positions exempted from the Merit System in U.C.A., 1953, § 67–13–6. That section was repealed in 1979 and was replaced by U.C.A., 1953, § 67–19–15,[5] which is part of the Utah State Personnel Management Act (hereafter Personnel Management Act). The two sections, however, do not differ substantially. Section 67–19–15 provides that the following positions shall be exempt from the career service provisions of the act:

    (a) The governor, members of the legislature, and all other *elected* state officers;

    (b) Persons *appointed* to fill vacancies in elective positions, *employees* of the state legislature, *employees* of the state judiciary, members of boards and commissions, and heads of departments *appointed* by the governor, state and local officials serving ex officio, and members of state and local boards and councils *appointed* by the governing bodies of the departments. [Emphasis added.]

    (c) . . .

Thus in § 67–19–15 elected state officers are listed in subsection (a) separately from appointed officials and certain employees who are listed in subsections (b) through (j). Had the Legislature in § 67–5–11 meant to give reinstatement rights to elected state officers, then language broad enough to cover them could easily have been employed, but that was not done. Elected state officers were conspicuously not mentioned. The Legislature unmistakably denied them extended reinstatement rights.

This construction of § 67–5–11 is consonant with the provisions of the Personnel Management Act which govern most state employees outside of the Attorney General's Office. That act likewise provides in § 67–19–17 that a career service employee who accepts "an appointment to an exempt position" is eligible for reinstatement in the career service upon termination of his exempt service. It does not extend that right to elected officials. This construction is also in accord with the preamble of the Career Service Act which states as its purpose to attract and retain attorneys of proven ability and experience who will devote their full time to the service of the state. One who runs for and serves in an elective office evinces a decision not to be retained in a career status and thus is excluded from the provision on reinstatement.

The record does not show whether plaintiff applied for leave of absence from his position before he ran for election in November of 1976. Assuming that he did and that he lost the election, he could have returned to his former position without loss of seniority under § 67–5–13(2) of the Career Service Act. A similar provision is contained in the Personnel Management Act. Section 67–19–19(1)(b). However, both acts clearly stop there and do not go on to provide for reinstatement in the career service after the employee has served his elected term.

We thus conclude that the words "such appointment or employment" found in § 67–5–11 and relied upon by the plaintiff to support his contention, although written in the disjunctive, cannot be interpreted to include "employment" as an elected state official. The order dismissing plaintiff's complaint is affirmed. No costs are awarded.

HALL, C.J., and STEWART, OAKS, and DURHAM, JJ., concur.

---

**5.** The Attorney General Career Service Act was not amended to reflect that change.