Lamar JOLLEY, Plaintiff and Appellant,

v.

LINDON CITY CORPORATION, Dennis Thompson and Leon Walker, Defendants and Respondents.

No. 18793.

Supreme Court of Utah.

June 13, 1984.

Ronald R. Stanger, Provo, for plaintiff and appellant.

Ray M. Harding, Pleasant Grove, for defendants and respondents.

PER CURIAM.

The district court granted defendants' motion to dismiss the complaint for failure to state a cause of action, brought pursuant to Rule 12(b)(6), Utah R.Civ.P., and plaintiff appeals.

Plaintiff brought action on three causes. As a first cause, plaintiff alleged that defendants had wrongfully discharged him from his employment as Lindon City police chief on March 6, 1981. In his prayer on this cause of action, plaintiff prayed for reinstatement as police chief; for compensation for 600 hours of work on behalf of the City for which he had not been paid; and for return of plaintiff's retirement contributions. As his second and third causes of action, plaintiff alleged conspiracy on the part of defendant Dennis Thompson, Councilman, and defendant Leon Walker, Mayor, of Lindon City. He alleged that the Councilman and Mayor conspired to fire him to prevent his investigation into a pollution problem in the City culinary water system.

The court dismissed the complaint in its entirety, ruling that U.C.A., 1953, § 10–3–911 applied. That statute provides:

> The chief of the police or fire department of the cities may at any time be removed, without a trial, hearing or opportunity to be heard, by the board of commissioners whenever in its opinion the good of the service will be served thereby. Its action in removing the chief of either department shall be final and conclusive and shall not be received [sic] or called in question before any court. The city recorder shall forthwith notify in writing the removed chief of his removal, and it shall not be necessary to state any cause for removal. From the time of notification the persons removed shall not in any case be entitled to any salary or compensation.

■ Plaintiff first argues that this statute does not apply to his claims for unpaid compensation for work prior to his discharge, nor to the claim for reimbursement of his retirement contributions. We agree. The record shows that defendants did not move for dismissal of these two claims, but instead suggested that the court try these two issues, and dismiss the remainder of the claims. The district court was in error in dismissing these two claims without trial, since the statute does not apply to them, and its judgment is reversed with respect to these two claims.

■ Plaintiff also contends that he raised factual issues as to whether his discharge was regularly pursued under the statute, and whether the statute applies at all to a police chief who is discharged for investigating a city councilman in his official duties. On this point, it must be observed that the statute does not allow for any exceptions to the power of the city council to discharge the police chief, and precludes any judicial review of the matter.

■ Plaintiff alleges that the statute was not regularly followed, and contends that his discharge was void, because he was not discharged by the city council pursuant to the statute. However, in his complaint, plaintiff alleged that after his initial discharge by the Mayor he demanded a review by the city council, and was afforded a hearing. The Council ratified the Mayor's action. Since the statute vests the entire power to discharge the chief of police in the City Council, the district court did not err in dismissing the complaint as it

pertained to all of plaintiff's causes relating to his discharge.

The judgment of the district court is affirmed in part and reversed in part, and this case is remanded for the purpose of trial on plaintiff's claims for 600 hours of service which remain uncompensated, and on the issue of reimbursement of his retirement contributions. No costs awarded.