Boyd A. WARD, Plaintiff and
Appellant,

v.

RICHFIELD CITY, a municipal
corporation, et al., Defendants
and Respondents.

No. 18431.

Supreme Court of Utah.

Aug. 16, 1984.

Rehearing Denied April 16, 1986.

George E. Brown, Jr., Midvale, for plaintiff and appellant.

Ken Chamberlain, Richfield, for defendants and respondents.

HOWE, Justice:

Plaintiff Boyd A. Ward appeals from an order granting defendant Richfield City's motion to dismiss his complaint for lack of jurisdiction.

On April 2, 1981, Ward was terminated as chief of police of the city of Richfield, a third-class city, when the city council went into a closed meeting to consider "other business." According to a stipulation made by counsel for both sides, that action was entered in the minutes after the closed session concluded. On June 7, 1981, Ward brought this action to be reinstated and to recover damages alleging that the closed meeting of the council had violated U.C.A., 1953, § 52–4–1, et seq., commonly known as the Open and Public Meetings Act. He also obtained a temporary restraining order against Richfield City, restraining it from taking any further action on the termination until the legality of its action could be decided by the district court. Nevertheless, on June 8 the council in an open meeting ratified its action of April 2. At a

hearing for a preliminary injunction, Richfield City made a motion to dismiss plaintiff's complaint for lack of jurisdiction. The court determined that pursuant to U.C.A., 1953, § 10-3-911, it had no jurisdiction to review the act of the city council in firing the chief of police and granted the motion. That order is the sole issue before us for review.

Section 10-3-911 provides in pertinent part:

The chief of the police or fire department of the cities may at any time be removed, without a trial, hearing or opportunity to be heard, by the *board of commissioners* whenever in its opinion the good of the service will be served thereby. Its action in removing the chief of either department shall be final and conclusive and shall not be received or called in question before any court. [Emphasis added.]

Section 10-3-911 is preceded by § 10-3-909 mandating cities of the first and second class to create police departments and by § 10-3-910 vesting the *board of commissioners* with authority to prescribe the administration of the police departments by ordinance and to appoint the head of that department. Under § 10-1-104(2)(a), the governing body for cities of the first and second class is a city commission composed of a mayor and four or two commissioners, § 10-3-103 and 104. Under § 10-1-104(2)(b), the governing body for cities of the third class is the city council composed of a mayor and five councilmen, § 10-3-105.

 It is readily apparent that §§ 10-3-909, 910 and 911 with their references to the authority of the board of commissioners over police departments unmistakably refer to and are limited to first and second-class cities where boards of commissioners exist. These sections were not intended by the Legislature to apply to police departments in third-class cities such as Richfield. Police departments in third-class cities and towns are dealt with separately in § 10-3-918, which provided at the time this case arose:

In cities of the third class and in towns, the governing body may appoint a chief of police or marshal who shall exercise and perform such duties as may be prescribed by the governing body. The chief of police or marshal shall be under the direction, control and supervision of the mayor. The chief of police or marshal may, with the consent of the mayor, appoint assistants to the chief of police or marshal.

Conspicuously absent from this statute is the provision contained in § 10-3-911 making the removal of a chief of police free from all judicial oversight. "It probably is not wholly inaccurate to suppose that ordinarily when people say one thing they do not mean something else." 2A C. Sands, Sutherland Statutory Construction, § 47.-01, as cited in *Hansen v. Wilkinson*, Utah, 658 P.2d 1216 (1983). We construe a statute on the assumption that each term is used advisedly and that the intent of the Legislature is revealed in the use of the term in the context and structure in which it is placed.

Richfield City relies on several cases to bolster its argument that stare decisis supports a finding of no jurisdiction. It also cites us to § 10-1-110 which directs that statutes such as § 10-3-911 which were enacted in 1977 as part of the "Utah Municipal Code" should be construed as the continuation of prior statutes so long as the provisions are the same or substantially the same. In *Taylor v. Gunderson*, 107 Utah 437, 154 P.2d 653 (1944) we held that a town marshal of a third-class city could be removed without cause. However, the statute then in force (U.C.A., 1943, § 15-6-32) was repealed by the enactment of the 1977 Municipal Code and § 10-3-911 is in no wise substantially the same. In *Skeen v. Browning*, 32 Utah 164, 89 P. 642 (1907) the statutes specifically made actions of the mayor and city council in removing heads of police and fire departments final and nonreviewable. Sec. 8, p. 46, Act 1899. In *State v. Stavar*, Utah, 578 P.2d 847 (1978) we did not reach the issue presented in the instant case. None of these cases is helpful here.

The order dismissing plaintiff's complaint for lack of jurisdiction was in error and is set aside. The case is remanded to the trial court with directions to allow plaintiff to proceed on the merits of his case. Costs are awarded to appellant.

HALL, C.J., and STEWART and DURHAM, JJ., concur.

ZIMMERMAN, J., does not participate herein.

## ON PETITION FOR REHEARING

Richfield City has petitioned for rehearing pointing out that the court's opinion did not cite nor rely upon *Jolley v. Lindon City,* Utah, 684 P.2d 47 (1984). We acknowledge our oversight. That case, too, involved the firing of the chief of police in a third class city. However, the contention there made by the appellant chief of police was that U.C.A., 1953, § 10–3–911 could not apply to him because he was discharged for investigating a city councilman in his official duties. The contention was not there made, as in the instant case, that section 10–3–911 does not in any instance apply to chiefs of police in third class cities. In a per curiam opinion, we held that since section 10–3–911 contained no exceptions, it was inconsequential why the chief was dismissed. We also found lacking merit the appellant's contention that the city council had not formally dismissed him. Again, no contention was made that the city council lacked that statutory power.

After careful consideration of the appellant's petition for rehearing, we deny it and overrule *Jolley v. Lindon City, supra,* insofar as our decision in that case conflicts with our opinion in the instant case. Furthermore, we have carefully examined Chapter 3 of Title 10 and have found that in each instance when the term "Board of Commissioners" is used, it refers only to the governing body of cities of the first and second class. We can find no instance in which that term was used to refer to the governing body of cities generally, including a city council in a third class city. In Chapter 3, the term "governing body" is

consistently used (over seventy-five times) when reference is made to cities generally, that is, of all three classes.

The petition for rehearing is denied.

ZIMMERMAN, J., did not participate herein.